**IN THE COURT OF APPEALS OF IOWA**

No. 23-1642
Filed January 23, 2025

**IN THE MATTER OF THE TRUST OF THE R.J. WENCK TRUST UNDER THE LAST WILL/TESTAMENT OF LANNY L. WENCK**

**ANTHONY WENCK, BRENDA HOLT, and KRIS MCDONALD,**
        Appellants.
_____

Appeal from the Iowa District Court for Madison County, Martha L. Mertz, Judge.

Remainder beneficiaries appeal the trustee's approval of a distribution from a trust's principal. **AFFIRMED.**

Billy J. Mallory and Trevor A. Jordison of Mallory Law, West Des Moines, for appellants.

Robert C. Gainer of Cutler Law Firm, P.C., West Des Moines, for appellee trust.

James R. Monroe of James R. Monroe Law Firm, Des Moines, for appellee lifetime beneficiary.

Considered by Ahlers, P.J., and Chicchelly and Buller, JJ.

**AHLERS, Presiding Judge.**

This is the third appeal relating to the R.J. Wenck Trust since 2022.[1]  We

provided the following background information in a prior appeal:

> Lanny Wenck died in 2017.  His last will and testament divided the residue of his estate equally between four children.  While three of the children received their shares of the estate residue directly, the share left to the fourth child, R.J. Wenck, was to be held in trust for R.J.'s benefit during his lifetime.  The remainder beneficiaries of the trust are the other three children.[2]
> The terms of the trust require the trustee[3] to pay R.J. all net income of the trust annually.  It also provides that the trustee,
>> in their sole and absolute discretion, may pay to or apply for the benefit of R.J. . . . such portions of the principal of the trust as the trustee[] deem[s] advisable to provide for the education, health, support and maintenance of R.J. . . . after taking into account any other resources available to him for these purposes.
>
> In an effort to protect the trust from creditors, the trust contains this spendthrift clause:
>> No title in the Trust created in this instrument or in any property at any time becoming a part of this Trust, or in any income from this Trust, shall vest in any beneficiary, and neither the principal nor the income of such Trust shall be liable to be reached in any manner by the creditors of any beneficiary and no beneficiary shall have the power to sell, assign, transfer, encumber or in any other manner to anticipate or dispose of his or her interest in such Trust, or the income produced thereby, prior to its actual distribution by the Trustees to the beneficiary.

*Wenck*, 2024 WL 463616, at *1.

The following facts are relevant to the present appeal.  In 2023, R.J. became

---

[1] *See generally In re Tr. of R.J. Wenck*, No. 23-0022, 2024 WL 463616 (Iowa Ct. App. Feb. 7, 2024); *In re Tr. of R.J. Wenck*, No. 22-0478, 2023 WL 2671867 (Iowa Ct. App. Mar. 29, 2023).

[2] The remainder beneficiaries are Anthony Wenck, Brenda Holt, and Kris McDonald.

[3] The trust named Lanny's wife and Kendall Kerns as trustees.  But Lanny's wife predeceased him, leaving Kerns to serve as the sole trustee.

concerned that he would be arrested and criminally charged, prompting R.J. to visit the trustee and tell him that he might need money from the trust for a criminal defense attorney. R.J.'s concerns were realized when he was arrested a few months later and charged with eighteen criminal offenses, eleven of which are class "C" felonies. He then requested funds from the trust principal for a retainer for a criminal defense attorney. The trustee believed R.J. would have difficulty obtaining a public defender given his status as the lifetime beneficiary of the trust and determined that R.J.'s father would have wanted to provide R.J. with some money for the defense attorney's retainer. So, the trustee agreed to invade the principal to provide the criminal defense attorney with $30,000 for a retainer upon the district court's approval. The court ultimately approved the $30,000 payment to the criminal defense attorney but ordered that R.J. must reimburse the trust by requiring future annual income from the trust that would otherwise go to R.J. be used to restock the principal instead.

The remainder beneficiaries appeal, arguing that the trustee failed to consider all other resources available to R.J. as required by the terms of the trust when he approved the payment. They also argue that, because there was evidence that a friend of R.J.'s had already provided $5000 to the criminal defense attorney to cover part of the retainer and the criminal defense attorney intended to return the $5000 to the friend after receiving the $30,000 from the trust, the payment of the $30,000 effectively would pay off a debt of R.J.'s to the friend and violate the trust's spendthrift clause.

Because trust proceedings are equitable proceedings, our review is de novo. *In re Steinberg Fam. Living Tr.*, 894 N.W.2d 463, 468 (Iowa 2017). "Our

interpretation of a trust is guided by the intent of the testator." *Id.* "We determine intent based on the language of the trust itself, utilizing the ordinary and usual meaning of the words included." *Id.*

It is clear from the trust language that the trustee was required to take "into account any other resources available to" R.J. before invading the principal for R.J.'s benefit.[4] Contrary to the remainder beneficiaries' contentions otherwise, the trustee did just that. *See* Iowa Code § 633A.4214(1) (2023) ("A trustee shall exercise a discretionary power within the bounds of reasonable judgment and in accordance with applicable fiduciary principles and the terms of the trust."). He understood that R.J. had no income or savings to pay for the retainer. He had already talked with R.J. about whether he would be able to borrow against his home to secure the funds. From our review of the record, it is apparent the trustee assessed the situation, determined that R.J. would not be able to come up with the $30,000 from other resources, and concluded that R.J.'s father would have wanted to provide some financial support to R.J. for a defense attorney. That process did not run afoul of the trust language, and the trustee did not abuse his discretion when he gave his approval. *See id.* § 633A.4214(2) ("Absent an abuse of discretion, a trustee's exercise of discretion is not subject to control by a court.").

As to the remainder beneficiaries' contention that the $30,000 retainer would violate the spendthrift clause of the trust because the defense attorney intended to return $5000 to R.J.'s friend who had already provided some money

---

[4] Contrary to the arguments made by the remainder beneficiaries in their brief, the trustee is not required to find that R.J. has "no resources available" before invading the principal. The trust only requires consideration of other resources before the trustee exercises its discretion.

for a retainer, we are not swayed by their argument. The defense attorney requested a $30,000 retainer to represent R.J., and that is what the trustee sought court approval to provide. What the attorney independently did with other monies in response to receiving the $30,000 retainer is immaterial and not a violation of the spendthrift clause.[5]

Finally, we remind the parties that the $30,000 is to be repaid into the trust principal from the annual trust net income R.J. would otherwise receive. So should the remainder beneficiaries want these monies paid back as expeditiously as possible, they should avoid causing unnecessary expenses to the trust so that the annual net income can be maximized and utilized to repay the $30,000 back into the principal.

**AFFIRMED.**

---

[5] Given the criminal defense counsel's request for a $30,000 retainer, presumably the $5000 provided by R.J.'s friend would not have sufficed for a retainer had the trustee not agreed to provide the $30,000 and defense counsel would have declined to represent R.J. and returned the $5000 to the friend regardless.